[No. 2716. Decided October 28, 1897.]

GEORGE P. WRIGHT, *as State Grain Inspector, Appellant*, v. LILLY, BOGARDUS & COMPANY, *Respondent*.

GRAIN INSPECTION — CONSTRUCTION OF STATUTE.

The act of March 19, 1895 (Laws 1895, p. 253, Bal. Code, §§ 2868-2909), providing for the inspection of grain by a state grain inspector, contemplates only such grain as is received at designated points for milling or export, and does not require inspection of grain shipped for any other purpose to any point within the state.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*P. H. Winston*, Attorney General, and *Thomas M. Vance*, Ass't Atty. Gen'l, for appellant.

*Stratton, Lewis & Powell*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought by appellant as state grain inspector, to recover fees alleged to be due for

inspecting certain grain in the city of Seattle. Defendant admits the inspection in quantity and at the times specified in the complaint, and for a defense alleges, first, that the act of March 19, 1895 (ch. 109, Laws 1895, p. 253, Bal. Code, §§ 2868-2909), providing for inspection and weighing of grain, was in violation of the fourteenth amendment of the constitution of the United States, and also of sections 3 and 12 of article 1 of the constitution of this state; and second, that the grain inspected was not subject to inspection under the act for the reason that it was not grain intended for "milling or export," and that it was purchased by defendant at a point in this state and brought upon its own steamboat to its dock and warehouse in the city of Seattle, there to be used in trade and sale in the usual course of business, as feed for livestock only, no part being for milling or export; that no other person whatever had any interest in the grain or its grade, weight or quality. Of all of which facts plaintiff had knowledge. These facts being admitted in open court, judgment was rendered upon the pleadings in favor of the defendant and the plaintiff has appealed.

We shall not extend this opinion beyond the determination of the one question, viz., does the act, assuming it to be constitutional, require the inspection of grain of the character shipped for the purpose shown by the admitted facts herein? We think the question must be answered in the negative. Section 1 of the act provides for the appointment by the governor of the state grain inspector. By section 2,

" The cities of Seattle, Tacoma and Spokane are hereby provided with state inspection under this act, *and such other places in the state where grain is received in carload lots for milling or export may be* designated as places for such inspection by the state grain commission."

It is thus seen that, in designating places for grain inspection the legislature had in mind only those places where grain was received in carload lots "for milling or export." Grain shipped for any other purpose to any point within the state, no matter in what quantities, does not entitle such point to be made a place of inspection. It seems to us, therefore, that inspection was meant to be provided by the legislature for grain intended "for milling or export," and to be confined to such grain. We are unable to discover anything in the act (which embraces forty-two sections) at all inconsistent with this view, and, as this requires an affirmance of the judgment, we think we ought not to enter upon a discussion of other subjects not necessarily involved in the decision and which may better be left for future determination, should such determination become necessary.

The judgment appealed from is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.